AGEE, Circuit Judge,
dissenting:
In my view, the majority opinion errs in holding that the Board of Immigration Ap *341 peals (“BIA”) impermissibly applied the Immigration and Nationality Act (“INA”) in reviewing Aquino’s application for asylum and withholding of removal. Specifically, I conclude that the BIA did not err as a matter of law in its determination that Aquino’s asserted fear does not bear a nexus to a protected ground and respectfully dissent.*
The Court must uphold the denial of Aquino’s application for asylum unless the denial is “manifestly contrary to the law and an abuse of discretion.” 8 U.S.C. § 1252(b)(4)(D). “[A]dministrative findings of facts are conclusive unless any reasonable adjudicator would be compelled to conclude to the country.” Id. § 1252(b)(4)(B). Whether Aquino established the requisite nexus between his proposed social group and the death threats he alleges is a question of law that the Court reviews de novo. Lin v. Mukasey, 517 F.3d 685, 691 (4th Cir.2008). In so doing, however, the Court accords deference to the BIA’s reasonable interpretation of the INA. Id. at 691-92; Chevron v. Nat’l Res. Defense Council, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). “Even in the absence of Chevron deference, we have concluded that we can rely on the agency’s opinions as a ‘body of experience and informed judgment’ to which we may ‘properly resort for guidance.’ ” Martinez v. Holder, 740 F.3d 902, 910 (4th Cir.2014) (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944)). Where, as here, the BIA adopts the Immigration Judge’s (“IJ”) decision and includes its own reasons for affirming, the Court reviews both decisions. Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir.2010).
To establish eligibility for discretionary relief of asylum, Aquino had the burden of showing that he has a “well-founded fear of persecution on account of ... membership in a particular social group.” 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13(a). Aquino faced a higher burden of proof to establish eligibility for withholding of removal — he must demonstrate “that it is more likely than not that [his] life or freedom would be threatened ... because of [his] membership in a particular social group.” Gomis v. Holder, 571 F.3d 353, 359 (4th Cir.2009) (citing 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b)(2)).
Aquino challenges the IJ and BIA’s determinations that he had not demonstrated membership in a cognizable social group, and alternatively, even if he had, had failed to establish a nexus between that group and the death threats he received from MS-13 members. The majority concludes that the IJ and BIA’s determination that Aquino failed to establish the requisite nexus is based on an error of law. (Maj. Op. at 340.) Specifically, the majority opines that “the BIA’s nexus analysis *fail[ed] to build a rational bridge between the record and the agency’s legal conclusion.’ ” (Maj. Op. at 340) (quoting Mengistu v. Ashcroft, 355 F.3d 1044, 1047 (7th Cir.2004) (alteration in original).) I respectfully disagree.
At the outset, it is necessary to review the IJ and BIA’s actual holdings. The IJ concluded that there was no “treatment of [Aquino] by gang members [that] amounted to past persecution” and “that [Aquino] ha[d] not been shown to be a member of any cognizable, readily identified group.” (A.R.157.) While accepting Aquino’s testimony that he had been harassed and beaten up by gang members, the IJ found it highly implausible that Aquino had been *342 shot at on multiple occasions at close range but not harmed. (A.R.156.) The IJ further concluded that it did “not find that [Aquino] is a member of any particular social group ... [and] that the fear, although real, of [Aquino] of gangs, that such fear amounts to a fear based on a reasonable possibility of future persecution.” (A.R. 157.)
The BIA, in turn, agreed with the IJ’s conclusions, first reasoning that “[considering the totality of the circumstances before the Immigration Judge, we cannot conclude that his partial adverse credibility finding is clearly erroneous.” (A.R.4.) The BIA recognized that the IJ’s credibility determination was “based on [Aquino’s] inconsistent and implausible testimony, which the Immigration Judge may rely on in analyzing credibility, and making reasonable inferences among plausible possibilities and explanations for discrepancies in the record.” (A.R.4.) The BIA concluded that “[e]ven if the respondent’s family could be characterized as a ‘particular social group,’ there is no evidence that this family was uniquely or specially targeted by the criminal gang, as opposed to being among the many individuals and families randomly targeted by violent gangs in El Salvador. Hence, the degree to which [Aquino] alleges a fear of persecution due to generalized violence, his fear does not bear a nexus to a protected ground.” (A.R.4.) Explaining that Aquino had “not established that a central reason for the attack on his family was related to a protected ground,” the BIA noted that he “was first targeted and harmed by gang members purely as an incident of recruitment, and his refusal to join the MS-1[3] gang, factors which do not bear a nexus to a protected characteristic.” (A.R.5.) The BIA went on to conclude that Aquino had “not demonstrated that his relatives were in fact targeted because of their familial relationship, much less that [Aquino] would be targeted on this basis.” (A.R.5.)
It was the province of the agency to weigh the totality of the evidence, including Aquino’s credibility. In doing so, there was substantial evidence in the record by which a reasonable inference could be reached that Aquino would “not be targeted on that basis,” i.e., his family relationship. The BIA clearly considered Aquino’s claim that the nexus between he and his family was the basis for his persecution claim and rejected it as a failure of proof.
The BIA did not “fail to build a rational bridge between the record and the agency’s legal conclusion^],” (Maj. Op. at 340), but appropriately considered Aquino’s arguments. The clear language of the BIA opinion shows not just that it considered whether Aquino’s family was a target, but whether Aquino would also be a target because he was a member of that family; “much less that [Aquino] would be targeted on this basis,” (A.R.5). The BIA reviewed the IJ’s factual findings for clear error — including the determination of credibility — and concluded that the IJ’s factual findings were not clearly erroneous. Far from being an error of law, that is precisely the inquiry with which the IJ and BIA are charged with undertaking.
I conclude that the IJ and BIA’s determinations, after conducting that proper legal inquiry, are not manifestly contrary to the law or an abuse of discretion. Contrary to the majority’s hypothesis, both the IJ and BIA offered a reasoned explanation for its conclusion that Aquino had failed to establish the requisite nexus between his asserted fear and a protected ground. They considered Aquino’s proposed social group, along with his assertions of fear, and found that even if Aquino’s family qualified as a particular social group in this case, he had not demonstrated a nexus between this proposed social group and actual or feared persecution by him. Be *343 cause I am “acutely aware that our job as a reviewing court is not to reweigh the evidence,” Baharon v. Holder, 588 F.3d 228, 233 (4th Cir.2009), I would hold that their analysis was neither manifestly contrary to the law nor an abuse of discretion. I would deny Aquino’s petition for review, thereby affirming the BIA’s decision to deny Aquino’s application for asylum and withholding of removal under the INA. I therefore respectfully dissent.

 I concur with the majority opinion’s holding that Aquino failed to raise a Convention Against Torture claim before the BIA and thus failed to exhaust his administrative remedies. Under 8 U.S.C. § 1252(d)(1) we thus lack jurisdiction to review his claim.